IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARY F. ISBELL                                                                                    PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:06CV055-B-A

LINDA F. EVANS, KENNETH W.
KING, ET AL.                                                                                    DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the court upon the plaintiff's motion to remand and defendant Linda Evans' motion to amend the answer. Upon due consideration of the motions, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Mary Isbell, alleges that she was injured on October 12, 2004, while riding as a passenger in a vehicle driven by defendant Kenneth King. The vehicle was involved in an automobile accident allegedly caused by defendant Linda Evans and/or King. The plaintiff filed a complaint in the Circuit Court of Tippah County, Mississippi, on February 22, 2006. Defendant King removed the case to this court on April 6, 2006. Defendant Evans filed an answer on April 19, 2006, though she asserts she was never served with process – a fact that the plaintiff disputes – and that the answer was filed by her insurance carrier out of an abundance of caution. She filed her joinder in the notice of removal on May 12, 2006.

The plaintiff moves to remand on the ground that defendant Evans untimely filed her joinder. Evans moves to amend her answer to state the affirmative defenses of insufficiency of process and lack of jurisdiction over the person.

Analysis

Title 28 U.S.C. § 1446(b) makes clear that a petition for removal must be filed within thirty days after service is effected upon the defendant. "In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served . . . ." *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). In the case at bar, defendant King was served on or about March 14, 2006. He timely removed the case on April 6, 2006. Evans did not join the removal petition until May 12, 2006 – well beyond thirty days after King was served.

Defendant Evans asserts that she was never served, but the court finds that she waived that defense when she filed an answer to the complaint on April 19, 2006. "Filing an answer to the complaint without objecting to service of process . . . waive[s] a defendant's right to object to service of process." *City of Clarksdale v. BellSouth Telecommunications*, 428 F.3d 206, 214 n.15 (5th Cir. 2005) (citing Fed. R. Civ. P. 12(h)(1)). Evans contends that she did not file the answer but that her insurance carrier answered on her behalf in an abundance of caution. The answer, however, makes no reference to Evans' insurance carrier, and Evans directs the court to no authority in support of the proposition that she should be excused from the waiver because her insurance carrier filed the answer.

Because defendant Evans is deemed to have waived service and because she did not join in the removal within thirty days after defendant King was served, the court finds that this case must be remanded. Evans' argument in support of her motion to amend the answer is without merit. The fact that her insurance carrier filed the answer on her behalf is an insufficient ground

for setting aside the waiver. The motion to amend the answer in this court must therefore be denied.

## Conclusion

For the foregoing reasons, the court finds that defendant Evans' motion to amend the answer should be denied in this court and that the plaintiff's motion to remand should be granted. A separate order in accord with this opinion shall issue this day.

This, the 30th day of March, 2007.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**